Mathews, J.
delivered the opinion of the court. The plaintiff and appellee sued the defendant and appellant, as surviving partner of the firm of Reynaud and Peytavin, and grounded his action on a promissory note, given by two attornies in fact, acting under an authority granted by one of the partners, to three persons jointly, empowering them to act severally only in case of the death or absence of two or one of them. Judgment having been given for the plaintiff, the defendant appealed.
His counsel makes two principal objections to the correctness of the judgment of the district court. 1st. In partnerships, one partner cannot without the consent of the other grant a power or procuration, in matters relating to the general concerns and interest of the firm. 2nd. Admitting the power in the present case to have been well given by one of the partners, yet being a joint power to these individuals, neither two or one of the attornies could act, so as to bind the principals, unless in the cases provided for in the letter of attorney, viz. in the events of the death or absence of one or two of the attornies.
I. Admitting it to be true, that one partner cannot give power to an agent, so as to vest him with the authority of the firm, (which is *78 by no means clear) yet this objection can never be made against the acts of the attorney, by the very individual who constituted him.
II. As to the second objection, it is clear from the manner in which the letter is worded, that the authority given to the three persons jointly was only to vest severally in one, or jointly in two, in case of the death or absence of two or one of them. Two only having acted, in the present instance, without there being any proof of the absence or death of the third, their act can only be binding on the principals, unless some act has since been done, which gives it validity.
The power of attorney shews that the person who granted it was willing to confide his business to the care and, management of either of the persons authorised, on the happening of certain events, but that he preferred the joint skill of all. A majority have acted for him.
Among other pleas in his answer, he has pleaded payment, and it appears by the testimony of Tricou, that he refunded to this witness five hundred dollars, which had been paid by him in part discharge of the note given by Reynaud and Peytavin, juniors, his attornies: the subject of the present contestation.
*79 It is the opinion of this court, that this act, taken in consideration with all the circumstances of the case, shews that he has so far approved and sanctioned the conduct of his agents as to give full force and validity to the note against himself.
It is therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.